Filed 3/11/24  P. v. Clark CA1/4

# NOT TO BE PUBLISHED IN OFFICIAL REPORTS

California Rules of Court, rule 8.1115(a), prohibits courts and parties from citing or relying on opinions not certified for publication or ordered published, except as specified by rule 8.1115(b).  This opinion has not been certified for publication or ordered published for purposes of rule 8.1115.

IN THE COURT OF APPEAL OF THE STATE OF CALIFORNIA

FIRST APPELLATE DISTRICT

DIVISION FOUR

| | |
|---|---|
| THE PEOPLE,<br><br>        Plaintiff and Respondent,<br><br>v.<br><br>STEVEN CLARK,<br><br>        Defendant and Appellant. | A166294<br><br><br>(Sonoma County Super.<br>Ct. No. SCR-13857) |

## MEMORANDUM OPINION[1]

In 1989, Steven Clark pled guilty to two counts of first degree murder, among other offenses, and admitted a felony-murder special circumstance on each murder count.  (Pen. Code §§ 187, 190.2, subd. (a)(17) (future undesignated statutory references are to the Penal Code).)  The parties both state that the facts of the crimes are not relevant to the issue on appeal and have not described them, but they agree that Clark was 19 years old at the time.  He was sentenced to two consecutive prison terms of life without the possibility of parole (LWOP) for the murders.

In 2022, Clark moved for a *Franklin/Cook* hearing to preserve evidence for use at a future youth offender parole hearing.  (*People v.*

---

[1] We resolve this case by memorandum opinion pursuant to the California Standards of Judicial Administration, section 8.1.

*Franklin* (2016) 63 Cal.4th 261; *In re Cook* (2019) 7 Cal.5th 439; § 1203.01.) The trial court denied the motion on the ground that youth offender parole hearings are not available for people who are serving LWOP sentences. (§ 3051, subd. (h).)  Clark timely appealed.

Clark argues, as he did in the trial court, that section 3051 violates federal and state constitutional guaranties of equal protection by making youth offender parole hearings available for those serving *non*-LWOP sentences for crimes committed when they were between 18 and 25 years of age, but not for those who committed their crimes at the same age and are serving LWOP sentences.  The issue is one that had divided the Courts of Appeal, but after briefing in this case was complete, the California Supreme Court resolved the conflict by holding that section 3051 does not violate equal protection.  (*People v. Hardin* (Mar. 4, 2024, No. S277487) ___Cal.5th___ [2024 Cal. Lexis 1076, p. *58].)  Although the court left open the possibility of "other challenges to the distinctions drawn by the special circumstances statute based on a more robust record or a more focused as-applied inquiry" (*id.* at pp. *51–*52), here Clark has not made an as-applied challenge based on the special circumstance he admitted,[2] and he noted in his opening brief that the underlying facts (which are largely absent from the record on appeal) are not relevant to the legal issue he raises.  Under these circumstances, *Hardin* is controlling and requires us to reject Clark's claim.

---

[2] The special circumstance at issue in *Hardin* was that the defendant murdered the victim "during the commission of a robbery."  (*People v. Hardin, supra*, ___ Cal.5th ___ [2024 Cal. Lexis 1076 at pp. *6–*7]; § 190.2, subd. (a)(17)(A).)  Similarly, the special circumstance here was that Clark murdered the victims during the commission of a felony (§ 190.2, subd. (a)(17)); the documents in the record do not indicate which of the enumerated felonies in subdivision (a)(17) he admitted for each murder, but they show that he also pled guilty to robbery, attempted robbery, and burglary.

## DISPOSITION

The order denying Clark's motion for a *Franklin/Cook* hearing is affirmed.

GOLDMAN, J.

WE CONCUR:

STREETER, Acting P. J.
SMILEY, J. [*]

---

[*] Judge of the Superior Court of California, Alameda County, assigned by the Chief Justice pursuant to article VI, section 6 of the California Constitution.

3